**KRIS A. McLEAN**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVID BURGERT.<br><br>        Defendant. | CR 02-49-M-DWM<br>CR 04-21-M-DWM<br><br>**GOVERNMENT'S REPLY SENTENCING MEMORANDUM** |

    Burgert has filed a sentencing memorandum requesting this Court sentence him to time served or no more than 100 months incarceration. In support of his request, Burgert urges this Court to depart downward due to his mental illness and physical disabilities. This Court should reject Burgert's request for a downward departure and reimpose the same sentence defendant is presently serving.

Post-*Booker* sentencing is a two-step process. First, the court must properly calculate and consult the applicable advisory guideline range. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006). Once the guideline range is calculated, the court must construct a reasonable sentence "in light of all the 18 U.S.C. § 3553(a) factors." *Id.* at 1280. The factors listed in § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of available sentences, and the advisory guideline range. 18 U.S.C. § 3553(a). Also included are the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed training, medical care, or other treatment. 18 U.S.C. § 3553(a). Finally, the sentence should serve to "avoid unwarranted sentencing disparities" and "provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(6)&(7).

The Supreme Court has now expressly endorsed a rebuttable presumption that, on appeal, a guideline sentence is reasonable. *See Rita v. United States*, No. 06-5754, 2007 WL 1772146 (June 21, 2007). In so concluding, the Supreme Court found that in the "mine run" of cases, if the district court's independent conclusion under 18 U.S.C. § 3553(a) matches what the Guidelines recommend, the sentence is probably reasonable. *See id.* at *8 ("[W]hen the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable."). The *Rita* decision emphasized that this is a standard for appellate review *only*. *Rita*, 2007 WL 1772146, at *9.

This Court must calculate the advisory sentencing guideline range accurately, so that it can derive whatever insight the guidelines have to offer, but ultimately this Court should sentence "based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence."  *See United States v. Sachsenmaier*, --- F.3d ----, 2007 WL 1839282, *4 (7th Cir., June 28, 2007) (applying *Rita*).  "If, however, a district court freely decides that the guidelines suggest a reasonable sentence, then on appellate review the defendant must explain why the district court was wrong."  *Id.*

In terms of the adequacy of the explanation, the Supreme Court held that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority."  *Rita*, 2007 WL 1772146, at *12.   Lengthy explanation to the defendant is "salutary," but "[t]he law leaves much, in this respect, to the judge's own professional judgment."  *Id*.  However, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence [from that recommended by the guidelines] the judge will normally go further and explain why he has rejected those arguments."  *Id.*

Thus, the Court should offer some explanation why it is rejecting any argument as to the reasonableness of the sentence that the Court finds "nonfrivolous."  In addition, the Court should provide an independent analysis of the sentencing factors at 18 U.S.C. § 3553(a) in support of the sentence, a process that the Supreme Court referred to as the "retail" application of those factors, as opposed to the Guidelines, which are "wholesale."  *Id.* at *7.  If the "retail" and "wholesale" analysis match up, the sentence is presumptively reasonable on appeal.

In this case, this Court appropriately considered the advisory guideline range and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) in formulating and imposing the 120 month sentence of imprisonment Burgert is presently serving. This Court was aware of and understood Burgert's mental and physical condition when it fashioned the 120 month sentence. Burgert offers nothing new or compelling in his request for a downward departure. The Ninth Circuit has affirmed this Court's previous calculation of the advisory guideline range. In considering the advisory guideline range and all of the statutory factors set forth in 18 U.S.C. § 3553(a), 120 months of incarceration remains a reasonable sentence. Therefore, the United States respectfully requests this Court re-sentence Burgert to the same sentence he is presently serving, 120 months incarceration.

DATED this 19th day of July, 2007.

WILLIAM W. MERCER
United States Attorney


*/s/ Kris A. McLean*
KRIS A. McLEAN
Assistant United States Attorney
Attorney for Plaintiff

CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on July 19th, 2007, a copy of the foregoing document was served on the following persons by the following means:

1.    __1__            CM/ECF

2.    _____          Mail

**1. Attorney for Randall Sicard Reis**
John Rhodes
Assistant Federal Defender
Federal Public Defenders Office
P.O. Box 9380
Missoula, MT  59807

                                                /s/ Kris A. McLean
                                                Kris A. McLean
                                                Assistant United States Attorney
                                                Attorney for Plaintiff